UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THEODIS BROWN, SR.,                )
                                   )
            Plaintiff,             )
                                   )
      v.                           )      No. 4:07-CV-1840-MLM
                                   )
MISSOURI DIVISION OF FIRE SAFETY,  )
                                   )
            Defendant.             )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Theodis Brown, Sr. for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief in this employment discrimination action against defendant Missouri Division of Fire Safety.[1] Plaintiff states that he filed a charge of discrimination against defendant with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission or other federal agency on August 28, 2007. Rather than responding "Yes" or "No" to the

---

[1] Plaintiff filed this action on a form complaint titled, "Employment Discrimination Complaint." On page 1, he indicates that his employment discrimination lawsuit is based on 42 U.S.C. § 2000e-5 (Title VII), 29 U.S.C. §§ 621, et seq. (Age Discrimination in Employment Act), and 42 U.S.C. §§ 12101, et seq. (American with Disabilities Act). On page 2, he states, as an additional ground, "misapplied house bill 47 grandfather clauses on litigation of impending fire district petition . . . awaiting final court decree for public vote."

question asking whether he has received a Notice of Right-to-Sue Letter, plaintiff states, "pending rts letter." For the essential facts of his claims, plaintiff states, as follows: "legal cite; col brown vs st louis 842 sw 2d 163, etc85424,85423 mo appeal case etc."

**Discussion**

Title VII imposes liability on an employer who engages in certain discriminatory practices because of an individual's race, color, religion, sex, or national origin. A plaintiff is required to exhaust certain administrative remedies before commencing a civil suit in Federal Court. Filing a charge with the Equal Employment Opportunity Commission is one such prerequisite. See 42 U.S.C. § 2000e-5(F)(1). In his complaint, plaintiff states that, on August 28, 2007, he filed charges against defendant with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission, and that is matter is "pending." Under these circumstances, it cannot be said that plaintiff has exhausted his administrative remedies, and thus, the complaint will be dismissed, without prejudice. Moreover, the Court notes that plaintiff has wholly failed to state a claim or cause of action against defendant.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because plaintiff has failed to exhaust his administrative remedies, and thus, the complaint is legally frivolous or fails to state a claim upon which relief may be granted, or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 2nd day of November, 2007.

                                         /s/ Jean C. Hamilton
                                         UNITED STATES DISTRICT JUDGE